## J. W. SWEIGERT v. L. W. FINLEY.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF YORK COUNTY.

Argued May 20, 1891—Decided October 5, 1891.

Where the plaintiff's property, in the possession of his buying-agent, is levied upon and sold as the property of the agent, on a debt of the latter subsisting prior to the creation of the agency, the fact that the agency was undisclosed to the execution creditor will not affect the right of the plaintiff to recover for the trespass.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 9 July Term 1891, Sup. Ct.; court below, No. 83 August Term 1890, C. P.

In July, 1890, Joseph W. Sweigert brought trespass against Lysander W. Finley, the sheriff of York county, to recover damages for the seizure and sale of plaintiff's property, on an execution in favor of Samuel Hay against William Lesh. Issue.

At the trial, on February 2, 1891, it was shown that, on January 22, 1883, William Lesh, who had been a junk dealer at York for many years, became indebted to Samuel Hay in $100, evidenced by a judgment note; that on July 21, 1886, Lesh became indebted to his son-in-law Joseph W. Sweigert, the plaintiff, in $25, for which he confessed a judgment before a justice of peace; that two executions were issued on this judgment, neither of which were ever returned, but it appeared that the plaintiff Sweigert received from Lesh, as was alleged, the latter's horse, covered wagon, harness and some forks, in payment of the debt; that thereafter the horse, wagon, etc.,

remained in Lesh's possession as before, and Sweigert employed Lesh as his agent in the purchase of junk iron, etc., through the country, paying him wages at the rate of three dollars per week and his board; that the plaintiff furnished money to Lesh with which he purchased the junk, and Lesh turned the junk purchased over to the plaintiff, who shipped it in his own name and received the proceeds of the sale thereof; that, on May 19, 1890, Samuel Hay, without any knowledge of the existing agency, entered judgment on his note against Lesh, issued execution thereon, and caused to be levied upon and sold, under notice that the property belonged to the plaintiff, the horse, covered wagon and harness before mentioned, and about 19,000 lbs. of old iron, the value of each being shown.

At the close of the testimony, the court, Bittenger, J., instructed the jury that as to the horse, wagon, harness and forks, there was no sufficient evidence to prove the sale and delivery of them to the plaintiff, so as to entitle the latter to recover against the defendant, and proceeded:

Now, as to the ownership of the iron, for which damage is claimed. That is a question of fact for you to determine, from the evidence in the case. Joseph W. Sweigert, the plaintiff, and William Lesh, the defendant, both swear in this case that the iron was the property of the plaintiff, and not the property of William Lesh; [and we instruct you that the plaintiff was not required to disclose the fact that William Lesh was acting for him as agent in this case; nor was William Lesh required to disclose the fact that he was acting as agent for Joseph W. Sweigert; and that this fact was not disclosed by either of them is not a circumstance which can help you in coming to a conclusion with reference to the ownership of this iron.] [5] The law does not require that the agent must disclose the fact that he is acting as agent for any one, or the principal to disclose the fact that he has an agent. . . . .

The defendant requests the court to charge:

1. William Lesh continuing the business, in fact with the same horse and wagon, and at the same place, as he had done before his alleged agency for Sweigert, the latter was bound as against the former's creditors, at the time of which Samuel Hay was one, to use all proper means to inform Lesh's creditors of

Opinion of the Court.

the latter's changed relationship to said business and property; and there being no evidence that Sweigert did anything of the kind, he cannot recover in this case, and the verdict must be for the defendant.

Answer: My answer to this point is, that it is not correct.[1]

2. Sweigert certainly could not claim the property in dispute by purchase from Lesh, as against the latter's creditors, of which Hay was one. Sweigert's alleged claim that Lesh was his agent, therefore, becomes the vital all-important question of fact in this case; and the plaintiff not having set out the same in his statement, nor in his notice to the sheriff, and not having given either the sheriff or the plaintiff in the execution any notice of said alleged fact before this trial, cannot recover in this case, and the verdict must be for the defendant.

Answer: This point is not correct.[2]

3. If the jury believe that the alleged agency of Lesh for Sweigert was purposely kept a secret between them, for the purpose of using the same against the existing creditors of Lesh, of which Hay was one, then the plaintiff cannot recover, and the verdict must be for the defendant.

Answer: The court answers that this point is not correct.[3]

4. That, under all the evidence in the case, the verdict must be for the defendant.

Answer: This point is not correct.[4]

—The jury returned a verdict for the plaintiff for the value of the iron, to wit, $98.54. A rule for a new trial having been discharged and judgment entered, the defendant took this appeal and assigned for error, inter alia:

1–4. The answers to the defendant's points.[1 to 4]

5. The portion of the charge embraced in [ ][5]

*Mr. H. H. McClune*, for the appellant.

Counsel cited: McDowell v. Rissell, 37 Pa. 164; Montgomery Web Co. v. Dienelt, 133 Pa. 585; Fritz v. Hathaway, 135 Pa. 274.

*Mr. E. D. Ziegler* (with him *Mr. Geise* and *Mr. Strawbridge*), for the appellee.

PER CURIAM:

The court below properly instructed the jury that there could

Statement of Facts.

be no recovery for the horse, wagon, harness, and forks, for the reason that there was not sufficient evidence of their sale and delivery by William Lesh to the plaintiff. The question of the ownership of the iron was fairly submitted to the jury under adequate instructions. An examination of the numerous assignments fails to disclose error. The case is not important, either as to the principles involved or the amount in controversy.

Judgment affirmed.